## IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,                  )
)
v.                                )    Case No. 1705019029
)
BRYAN N. SMOAK,            )
)
Defendant           )

Submitted:    May 2, 2018
Decided:      September 20, 2018

Matthew Hicks, Esquire                        Richard B. Ferrara, Esquire
Deputy Attorney General                     Ferrara & Haley
820 N. French Street, 7th Floor           1716 Wawaset Street
Wilmington, DE 19801                       Wilmington, DE 19806
*Attorney for the State of Delaware*        *Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO REQUIRE THE PRESENCE OF THE
## PHLEBOTOMIST AT TRIAL

The defendant, Bryan N. Smoak (hereinafter the "Defendant"), brings this Motion for the identification of the phlebotomist. Defendant was arrested for Driving Under the Influence ("DUI") for which he now stands trial. Defendant is seeking the identity of the State's phlebotomist so that he/she may be subpoenaed to testify at trial about the procedure utilized in drawing Defendant's blood. The State opposes Defendant's request alleging testimony about the procedure employed by the phlebotomist can be credibly obtained by an observing police officer present at the time the Defendant's blood was drawn as well as the analyst responsible for testing

the blood sample.[1] Additionally, the State believes Defendant's request to be premature as no allegation has been made that the procedure conducted in this case was improper. The State also contends that requiring a phlebotomist to testify about the blood draw procedure is contrary to legislative intent and places an undue burden on state resources.

On November 13, 2017, a status hearing was held and the issue of whether the State should provide the identity of the phlebotomist to Defendant was presented to the Court. At the conclusion of the hearing, the Court ordered supplemental briefing on the issue. This is the Final Decision and Order of the Court on Defendant's Request for the Presence of the Phlebotomist at Trial.

## FACTS AND PROCEDURAL HISTORY

On May 28, 2017, Defendant was arrested for DUI, in violation of 21 *Del. C.* § 1477(a), Inattentive Driving, in violation of 21 *Del. C.* § 4176(b), and Failure to Have Insurance Identification, in violation of 21 *Del. C.* § 2118(p)(1). On September 15, 2017, Defendant sent a request to the State seeking the identity of the phlebotomist so that he/she may be subpoenaed for trial. On September 22, 2017, the State denied Defendant's request as they did not believe the phlebotomist to be a necessary witness.

## PARTIES' CONTENTIONS

Defendant argues that a phlebotomist is a necessary *foundational* witness to establish whether proper procedures were followed during Defendant's blood draw. The Defendant makes clear that he is requesting the phlebotomist's presence as a foundational witness and not for the

---

[1] Defendant's initial Brief dated Dec. 13, 2017, stated that Defendant was requesting the transcript of a case believed to be relevant to this matter. Both parties agreed to a Stay until the transcript could be obtained. Defendant submitted a letter to the Court dated April 23, 2018 stating that a relevant transcript could not be found.

purpose of establishing chain of custody. Defendant concedes that both statute and case law establish that a phlebotomist is not a necessary witness to establish chain of custody. Defendant contends that the State must prove that the phlebotomist complied with the test manufacturer's requirements so that a proper evidentiary foundation can be established as to the blood draw procedure, otherwise the test is inadmissible. Defendant does not agree with the State's contention that a police officer is a sufficient substitute for the phlebotomist's testimony, as the police officer lacks the professional knowledge and training required for phlebotomists to understand the proper blood draw protocol.

The State argues that testimony of a police officer who is an eyewitness to the blood draw performed by the phlebotomist will suffice to establish whether proper procedures were utilized. The State argues that only common knowledge and experience are necessary to testify as to one's observations of the taking of blood, thus refuting Defendant's position that a phlebotomist is required. The State relies on legislative history and case law surrounding Sections 2746 and 4177(h)(4) of Title 21 of the Delaware Code in making their argument. The aforementioned Sections deal directly with chain of custody, but the State argues that the same principles derived from these Sections should also be applied to foundational questions. Lastly, the State argues several points under Delaware Rules of Evidence 403. First, the State argues that the phlebotomist's testimony would be non-testimonial for the purposes of the confrontation clause and would not be required for the State's case-in-chief. Due to this, the State claims that the request for the phlebotomist would occur after the State introduced the result of the test at trial and would be a waste of time. Second, the State argues that Defendant has failed to claim that the blood draw was conducted improperly, thus rendering the request premature and causing undue burden on the on the State. Third, the State argues that requiring the phlebotomist to testify would

3

create an undue burden on state resources and go against the legislative intent of Section 4177(h)(4).

## DISCUSSION

Delaware courts have previously addressed the specific question of whether a phlebotomist is required to testify about the blood draw procedures. "[I]n order for the result of the [blood draw] to be admitted, the State must lay an adequate evidentiary foundation."[2] In doing so, the State must show that the phlebotomist complied with the test manufacturer's protocol.[3] Delaware Superior Court has found that this can only be done by way of the phlebotomist's testimony.[4]

The State's argument that the statutes and case law regarding chain of custody should be likewise applied to foundational questions is persuasive; however, clarity specifically pertaining to this issue has already been provided by our courts. The State relies on Sections 2716 and 4177(h)(4) of Title 21 of the Delaware code.

Section 2716 of Title 21 of the Delaware Code states:

> [I]t shall not be necessary to present the testimony of, or certification by, a person who has withdrawn blood from a person pursuant to this section in order to establish chain of physical custody of such evidence.[5]

Section 4177(h)(4) of Title 21 of the Delaware Code states:

> [T]he chain of custody or control of evidence defined in this section is established when there is evidence sufficient to eliminate any

---

[2] *Clawson v. State*, 867 A.2d 187, 192 (Del. 2005).
[3] *Hunter v. State*, 55 A.3d 360, 366 (2012) (testifying police officer established that methods used during the blood draw deviated from proper protocol).
[4] *State v. Stutzman*, C.A. No. 1608009010, at 3:5-3:8 (Del. Super. April 7, 2017) (Graves, J.) (TRANSCRIPT).
[5] 21 *Del. C.* § 2746.

4

reasonable probability that such evidence has been tampered with, altered or misidentified.[6]

The State cites to *State v. McDowell*,[7] a case in which the Delaware Superior Court reviewed the legislative intent of Section 4177(h)(4). In *McDowell*, the Delaware Superior Court looks to the Synopsis[8] of the bill that accompanies the amendment of the statute. The Synopsis states that hospital personnel are not required to testify about blood they withdrew at a police officer's request. The Synopsis also states that a police officer's testimony about the blood draw is sufficient evidence of the procedure because it "requires only common knowledge and experience to understand and judge."[9] The Synopsis goes on to carve out an extraordinary circumstances exception where someone other than the police officer may be required.[10] The problem for the Court is that the legislation, which speaks specifically to establishing chain of custody, gives no indication as to whether it was intended that these principles be applied to the establishment of proper procedures for foundational purposes. The State goes on to reference *Melendez-Diaz v. Massachusetts*,[11] and *Milligan v. State*,[12] to support its argument, but like the aforementioned statute, both cases speak to chain of custody rather than issues in establishing proper testing procedure.

Lastly, the State argues that Delaware Rule of Evidence 403 should serve to bar the need for a phlebotomist for a few reasons. First, the State claims that requiring the phlebotomist to

---

[6] 21 *Del. C.* § 4177(h)(4).
[7] 2000 WL 33114375 (Del. Super. Dec. 11, 2000).
[8] HB 237, 139th General Assembly (1997).
[9] *State v. McDowell*, 2000 WL 33114375, at *2 (Del. Super. Dec. 11, 2000) (citing HB 237, 139th General Assembly (1997)).
[10] *Id.*
[11] 557 U.S. 305, 311, 129 S. Ct. 2527, 2532, 174 L. Ed. 2d 314 (2009) (responding to a confrontation issue, the Court stated, "we do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution's case.").
[12] 116 A.3d 1232, 1237 (Del. 2015) (referencing *Melendez-Diaz*, 557 U.S. 305).

testify would be cumulative and unduly burdensome. It is the State's belief that the phlebotomist's testimony is non-testimonial for purposes of the 6th Amendment Confrontation Clause and thus not required until after the State has made their case-in-chief. The Court does not agree.

The Sixth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment,[13] states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."[14] "Testimonial statements against a defendant are 'inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination.'"[15] The United States Supreme Court in *Crawford v. Washington*,[16] defined a testimonial statement as "a solemn declaration or affirmation made for the purpose of establishing or proving some fact,"[17] and added the following parameters:

> [E]x parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially, extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions, statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.[18]

The State's contention that the phlebotomist's actions are not testimonial with respect to establishing *chain of custody* finds support in Delaware case law.[19] The chain of custody cases cited by the State do not clearly address the testimonial status of a phlebotomists statements regarding the protocol employed during the blood draw. Therefore, the Court declines to adopt

---

[13] *Id.* at 1236.
[14] U.S. Const. amend. VI.
[15] *Milligan*, 116 A.3d at 1236 (citing Melendez-Diaz, 557 U.S. at 309).
[16] 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004).
[17] *Milligan*, 116 A.3d at 1237 (quoting *Crawford*, 541 U.S. at 51) (citations and quotations omitted).
[18] *Id.* (quoting *Crawford*, 541 U.S. at 51-52).
[19] *See Melendez-Diaz*, 557 U.S. at 311; *see also State v. Watkins*, 2006 WL 2666227 (Del. Com. Sept. 14, 2006).

the State's position that requiring the phlebotomist to testify would be an "unnecessary waste of scarce judicial resources."[20]

Second, the State also claims that Defendant's failure to claim any error in the blood draw procedure would result in a "fishing expedition"[21] and an undue burden on state resources.[22] While the Court is cognizant of not overburdening State resources when it's not necessary, the Court must follow precedent set by its appellate authority which has found it necessary to require the phlebotomist to testify.[23]

Defendant relies on a Delaware Superior Court case, State v. Fountain,[24] which the Delaware Superior Court has interpreted as requiring a phlebotomist to testify regarding the procedure they used to draw and package the blood sample.[25] In Fountain, the Court precluded the admission of blood test results based on a phlebotomist's testimony which established that proper procedures with the test manufacturer's instructions were not utilized.[26] The Court said, "Straightforwardly, when performing a scientific test, deviations from protocol threaten the test's validity where the result determines a central issue … and it cannot be based upon unreliable evidence."[27]

As recent as April 7, 2017, Judge T. Henley Graves of the Delaware Superior Court ruled that Fountain requires a phlebotomist to testify as to the drawing and packaging of the blood sample.[28] As this appellate authority is directly on point, it is conclusive on this issue.

---

[20] Pl.'s Resp. to Deft.'s Mot. to Require the Presence of Phlebotomist at Trial at 5.
[21] Id.
[22] Id. (asserting that the Delaware State Police receive voluminous DUI blood samples with only two phlebotomists to perform the majority of the blood draws in New Castle County).
[23] See Stutzman, C.A. No. 1608009010, at 3:5-3:8 (Del. Super. April 7, 2017) (Graves, J.) (TRANSCRIPT).
[24] State v. Fountain, 2016 WL 4542741, at *1 (Del. Super. Aug. 30, 2016).
[25] Id. at 2:15-2:23.
[26] Fountain, 2016 WL 4542741, at *1; see also Clawson, 867 A.2d at 191 ("the admissibility of the intoxilyzer test results center on the State providing an adequate evidentiary foundation for the test result's admission.").
[27] Fountain, 2016 WL 4542741, at *3; see also Hunter, 55 A.3d at 366.
[28] Stutzman, C.A. No. 1608009010, at 2:15-2:23 (Del. Super. April 7, 2017) (Graves, J.) (TRANSCRIPT).

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 20th day of September, 2018, that Defendant's Motion to Require the Presence of the Phlebotomist at Trial be **GRANTED.** The matter will be scheduled for a DUI trial.

The Honorable Carl C. Danberg
Judge

cc: Shawn Johnson, Judicial Case Manager

8